APPLICATION FOR REHEARING
WATSON, Justice,
would grant a rehearing because:
(1) Testator Blythe confirmed the legal usufruct of his surviving spouse over his share of their community property. However, the trial court judgment of June 21, 1984, decreed that the widow did not have a usufruct over the testator’s separate property because he had a surviving daughter from a prior marriage. Therefore, the daughter received full ownership of the decedent’s separate property, which constitutes two-thirds of the entire estate.[1]
(2) The issue of an election by the forced heir under LSA-C.C. art. 1499 was before the trial court which rendered the June 21, *1079 1984, judgment.[2] The trial court did not order an election, thereby rejecting the widow’s contention, apparently because the condition of a donation exceeding the disposable portion was not met.[3]
(3) Regardless of its merits, the trial court’s judgment of June 21, 1984, is final and this collateral attack by a “rule to show cause” filed over two years later is barred by that definitive judgment. LSA-C.C.P. art. 1842; and
(4) In addition to the fact that a rule to show cause cannot be equated with a separate suit, the principles of res judicata are fully satisfied because the same parties are appearing in the same capacities claiming the same thing, that is, the separate property of Donald Blythe. The cause of action asserted by the widow has been decided against her by a final judgment. The daughter’s exception of res judicata was properly sustained. LSA-C.C.P. art. 927.

. The trial court held that Carol Blythe, the widow, did not have a usufruct over the separate portion of decedent’s estate inherited by his daughter, Dianna Blythe, on the basis of LSA-C. C. art. 890, as amended by Act 919 of 1981 which did not allow the surviving spouse a usufruct on separate property inherited by a child of a prior marriage. After first relying on Act 911 of 1981, the trial court granted a new trial and decided that Act 919 superceded the conflicting language in Act 911. In reasons for judgment, the trial court stated: "there could be no usufruct given to the surviving spouse over the portion of decedent’s estate inherited by Dianna Dawson Blythe because she was not issue of the marriage between Carol and Donald Blythe.’’

. See transcript of original record at page 175 and the memorandum submitted by counsel for the widow on June 8, 1984, which stated:
“In summary, if the Court holds that Act 919 rather than Act 911 of 1981 is the proper version of CC Art. 890, then it should direct that the forced heir, Dianna Blythe, must make an election, within a reasonable period of time, under the provisions of CC Art 1499, that is, she must decide whether or not to allow.the usufruct over the entirety of the property or to take her forced portion, an undivided one-fourth, and to abondon [sic] to the donee of the usufruct the remainder of the decedent’s estate.”

. "In effect, Louisiana courts have written out of Article 1499 the clause ‘the value of which exceeds the disposable portion.’ * * * ” Yian-nopoulas, Louisiana Civil Law Treatise, Personal Servitudes, § 16 at 70, fn. 252 (2nd Ed.1978). However, the article is clear and under established civilian principles, the text prevails over erroneous jurisprudential interpretations. See 40 Tul.L.Rev. at 1225 through 1229.